**Reynaldo Cabacungan VALDEZ; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73032.

United States Court of Appeals, Ninth Circuit.

**550**

Submitted June 14, 2004.*

Decided June 18, 2004.

Marc J. Wigul, Esq., Korenberg, Abramowitz and Feldun, Sherman Oaks, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, M. Jocelyn Wright, Esq., Jamie M. Dowd, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, LEAVY and FISHER, Circuit Judges.

MEMORANDUM **

Reynaldo Cabacungan Valdez and his wife, Florencia Nicolas Valdez, natives and citizens of the Philippines, petition pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Meza–Manay v. INS,* 139 F.3d 759, 762 (9th Cir.1998), and we deny the petition for review.

■ Substantial evidence supports the IJ's conclusion that Valdez failed to establish past persecution or a well-founded fear of future persecution on account of an

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

enumerated ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Valdez's reliance on prior verbal and written threats by members of the New People's Army as evidence of past persecution is unavailing. We conclude that the IJ properly ruled that, because Valdez was an officer in the police force at the time of the threats, any violence or threats he suffered at the hands of the guerrillas was job-related and not a ground for asylum. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1029 (9th Cir.2000) ("Persecution occurring because a person is a current member of a police force or the military, however, is 'not *on account of* one of the grounds enumerated in the Act.' ")

Additionally, the IJ properly relied upon a State Department Country Report to determine that conditions in the Philippines have changed such that Valdez's fear of future persecution is not objectively reasonable. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000 (9th Cir.2003).

Because Valdez failed to establish eligibility for asylum, it follows that he failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Finally, Valdez's contention that the BIA's streamlining decision fails to comport with the requirements of due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir. 2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**